Logan F. Peppin, WSBA #55704
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: 206-332-1380

Casie Collignon, *pro hac vice forthcoming*
**BAKER & HOSTETLER, LLP**
1801 California Street, Suite 4400
Denver, CO  80202
Tel: 303-861-0600

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RAE WHITMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WHITMAN COUNTY PUBLIC HOSPITAL DISTRICT #3, d/b/a WHITMAN HOSPITAL & MEDICAL CENTER, <br><br> Defendant. | Case No.: <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Whitman County Public Hospital District No. 3 d/b/a

DEFENDANT'S NOTICE OF REMOVAL - 1
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

Whitman Hospital and Medical Clinics[1] ("Defendant" or "WHMC"), hereby removes the action filed by Plaintiff Rae Whitman ("Plaintiff"), individually and on behalf of all others similarly situated, in the Superior Court of Washington for Whitman County, Case No. 25-2-00161-38, to the United States District Court for the Eastern District of Washington. In support of removal, WHMC states as follows:

## I.    BACKGROUND

1.    On May 28, 2025, Plaintiff, individually and on behalf all others similarly situated, filed a Class Action Complaint (the "Complaint") against defendant, in the Superior Court of Washington for Whitman County, Case No. 25-2-00161-38 (the "State Court Action"). Plaintiff filed the Complaint as a putative class action.

2.    Plaintiff alleges that on around February 28, 2025 that Defendant discovered that Defendant's "electronic systems had been infiltrated by an unknown perpetrator" and "Plaintiff's and Class Members' Private Information was accessed and stolen…." (the "Data Incident") Compl. ¶¶ 5, 6, 32. More specifically, Plaintiff alleges that information that was alleged accessed and stolen includes personally identifiable information ("PII") and protected health information ("PHI"). *Id.* ¶¶ 119,

[1] Defendant was erroneously sued as "Whitman County Public Hospital District #3, d/b/a Whitman Hospital & Medical Center."

DEFENDANT'S NOTICE OF REMOVAL - 2
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

127, 200. Plaintiff alleges that she and the Class Members have suffered injury including economic loss and other actual harm for which they are "entitled to damages." *Id.* ¶¶ 161, 163, 183, 195.

3.    Based on these allegations, Plaintiff asserts five causes of action against WHMC: (1) negligence; (2) breach of implied contract; (3) unjust enrichment; (4) violation of the Washington Data Breach Disclosure Law, RCW 19.255.005, *et seq.*; and (5) violation of the Washington Uniform Health Care Information Act, RCW 70.02.005, *et seq. See generally*, Compl.

4.    Plaintiff purport to bring these five causes of action on behalf of herself and a class defined as "All individuals residing in the United States whose Private Information was compromised in the Data Breach." *Id.* ¶ 131.

## II.    REMOVAL IS TIMELY

5.    Plaintiff filed this lawsuit on May 28, 2025, and served WHMC with a copy of the Summons and Complaint on June 12, 2025. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of documents received in the State Court Action by WHMC are attached hereto as exhibits. Specifically, attached to this Notice of Removal are true and correct copies of: (1) the operative Complaint (**Exhibit A**); (2) Case Information Cover Sheet (**Exhibit B)**; (3) Summons (**Exhibit C**); (4) Notice of Appearance (**Exhibit D**); and (5) the docket in the State Court Action (**Exhibit E**).

DEFENDANT'S NOTICE OF REMOVAL - 3
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

6.      No other pleadings or substantive filings (*i.e.*, answers, state court orders terminating or dismissing parties, responses, etc.) have been filed in the State Court Action.

7.      This removal is timely because WHMC filed this removal within 30 days of being served with the Complaint. *See* 28 U.S.C. § 1446(b) (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

## III.    THIS COURT HAS ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

9.      Removal is proper under the Class Action Fairness Act of 2005 ("CAFA") (codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000, and any

DEFENDANT'S NOTICE OF REMOVAL - 4
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

member of the putative class is a citizen of a different state than the state of citizenship of the defendant. *See* 28 U.S.C. § 1332(d).

10.    As set forth below, pursuant to 28 U.S.C. § 1332(d) and § 1441(a), WHMC may remove the State Court Action to federal court under CAFA because this case is (i) pled as a putative class action, (ii) with over 100 proposed putative class members, (iii) that involves a minimal diversity of citizenship among the parties, and (iv) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

**A. The Complaint is pled as a putative class action.**

11.    CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12.    Plaintiff seeks class certification under Washington Superior Court Civil Rule 23. *See* Compl. ¶ 135; Prayer for Relief. Thus, the CAFA requirement that the Complaint is pled as a class action is satisfied. *See* 28 U.S.C. § 1332(d)(1)(B).

**B. Plaintiff alleges a putative class with over 100 proposed members.**

13.    Plaintiff alleges that the "Private Information of more than 1,000 individuals is believed to have been exposed by the Data Breach." Compl. ¶ 5.

DEFENDANT'S NOTICE OF REMOVAL - 5
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076
Telephone: (206) 332-1380

Plaintiff further alleges that the "proposed Class includes at least five hundred individuals, and potentially thousands more." *Id*. ¶ 136.

14.    To date, Defendant has mailed notifications to approximately 64,401 individuals whose information may have been impacted in the Data Incident.

15.    Accordingly, the number of putative class members exceeds the statutorily required minimum of 100 individuals.

**C. Minimal diversity of citizenship exists.**

16.    Under CAFA, federal courts may exercise jurisdiction over a class action if any class member is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A).

17.    <u>Defendant's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or where it has its "nerve center."). "[I]n practice it should normally be the place where the corporation maintains its headquarters[.]" *Id.* at 93.

18.    As alleged in the Complaint, WHMC has its principal place of business in Colfax, Washington. Compl. ¶ 12. Thus, WHMC is a citizen of Washington.

DEFENDANT'S NOTICE OF REMOVAL - 6
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

19.    Plaintiff's Citizenship. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id. See also Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode"). "The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

20.    Here, Plaintiff alleges that she is a resident and citizen of Washington. Compl. ¶ 11. Regardless of whether the named Plaintiff is a citizen of Washington, minimal diversity is still met through the putative class's citizenship, as explained in more detail below.

DEFENDANT'S NOTICE OF REMOVAL - 7
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

21.    The Putative Class's Citizenship. Plaintiff seeks to represent the following class of persons: "All individuals residing in the United States whose Private Information was compromised in the Data Breach." *Id.* ¶ 131. Plaintiff's class definition is deficient, because residency does not equal citizenship, rather domicile does. A person is a "citizen" of the state in which he or she is domiciled. *See Kanter*, 265 F.3d at 857. "Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode." *Weible*, 244 F.2d at 163.

22.    WHMC has sent notifications of the Data Incident to people with addresses in 49 states, the District of Columbia, and Canada.

23.    Given the size of the putative class and the categories of people it includes (which would include many individuals temporarily residing in Washington, such as college students, individuals temporarily residing in Washington for work purposes, and individuals driving from nearby Idaho for services), many Washington residents within the putative class are more likely than not citizens of other states. Indeed, Plaintiff's own class definition is not limited to Washington residents, but instead "[a]ll individuals residing in the United States."

24.    Because WHMC and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A).

DEFENDANT'S NOTICE OF REMOVAL - 8
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

**D. The amount in controversy exceeds the CAFA threshold.[2]**

25.    The final requirement for CAFA jurisdiction—that the amount in controversy exceeds $5 million—is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

26.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

27.    Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are

---

[2] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or are entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recover any amount, and denies that a class can be properly certified in this matter.

DEFENDANT'S NOTICE OF REMOVAL - 9
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Finally, the costs of complying with an injunction may establish the amount in controversy. *See Morales v. Generix Labs, Inc.*, 2010 WL 11595740, at *3 (C.D. Cal. April 19, 2010) *citing In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("When a plaintiff seeks injunctive relief the amount in controversy may be calculated by assessing the cost to the defendant of complying with the injunction.").

28.     Plaintiff requests the following relief, which, aggregated across the putative class of at least 64,401 individuals, places more than $5 million in controversy, exclusive of interests and costs: "Plaintiff, on behalf of herself and Class Members," seek "actual damages, compensatory damages, and nominal damages, in an amount to be determined, and for punitive damages,", sixteen enumerated forms of "injunctive and other equitable relief," "five years of credit monitoring and identify theft monitoring" which "can cost around $200 a year per Class Member", attorneys' fees and costs, and "[p]re-and post-judgment interest on any amounts awarded." Compl. ¶ 117; Prayer for Relief.

DEFENDANT'S NOTICE OF REMOVAL - 10
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

29.     Based on Plaintiff's allegations related to damages and the size of the putative class, these alleged damages easily surpass the $5 million jurisdictional threshold.

30.     For example, just the "credit monitoring and identify theft" services requested by Plaintiff alone would cost "around $200 a year per Class Member" (*id.* ¶ 117), equating to $12,880,200.00, and easily satisfy the jurisdictional threshold. The three identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $9.95 to $69.99.[3] The cost of providing <u>one year</u> of credit-monitoring services at $9.95 per month (the cheapest credit-monitoring service) for 64,401 individuals is $7,689,479.40. And this does not include damages for the other alleged "time and effort" that each putative class member is alleged to have spent.

31.     Accordingly, the CAFA amount-in-controversy threshold is satisfied before ever taking into account other forms of compensatory damages (including

---

[3] Equifax, available at https://www.equifax.com/, last visited on July 7, 2025; LifeLock by Norton, available at https://lifelock.norton.com/, last visited on July 7, 2025; and Experian, available at https://www.experian.com/protection/identity-theft-and-credit-protection/, last visited on July 7, 2025.

DEFENDANT'S NOTICE OF REMOVAL - 11
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

statutory treble damages), punitive damages, injunctive or declaratory relief, or attorneys' fees, which would add even more to the total amount in controversy.

## IV.     RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

32.     Nothing in this Notice is intended or should be construed as an express or implied admission by Defendant of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action.

## V.     CONCLUSION

33.     Defendant removes the State Court Action to the United States District Court for the Eastern District of Washington based on original jurisdiction under 28 U.S.C. § 1332(d).

34.     Promptly after filing this Notice of Removal, Defendant will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

35.     This Notice of Removal is submitted without waiver of any procedural or substantive defense that may be available to Defendant and without admitting any of the allegations contained within the Complaint.

DEFENDANT'S NOTICE OF REMOVAL - 12
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

Dated:  July 11, 2025

**BAKER & HOSTETLER LLP**

*s/ Logan F. Peppin*
Logan F. Peppin, WSBA #55704
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Tel:  206-332-1380
E-mail:  lpeppin@bakerlaw.com

Casie Collignon, *pro hac vice forthcoming*
**BAKER & HOSTETLER, LLP**
1801 California Street, Suite 4400
Denver, CO  80202
Tel:  303-861-0600
E-mail:  ccollignon@bakerlaw.com

*Attorneys for Defendant*

DEFENDANT'S NOTICE OF REMOVAL - 13
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, a true and correct copy of the foregoing document was served via email to Plaintiff's counsel below:

Kaleigh N. Boyd
Joan M. Pradham
Tousley Brain Stephens PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA  98101
Tel:  206-682-5600
kboyd@tousley.com
jpradham@tousley.com

Jeff Ostrow, *pro hac vice forthcoming*
Ken Grunfeld, *pro hac vice forthcoming*
Kopelowitz Ostrow, P.A.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL  3301
Tel:  954-332-4200
ostrow@kolawyers.com
grunfeld@kolawyers.com

*Attorneys for Plaintiffs*

s/ *Cheryl A. Phillips*
Cheryl A. Phillips

DEFENDANT'S NOTICE OF REMOVAL - 14
CASE NO.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380