FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAE WHITMAN, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>     v.<br><br>WHITMAN COUNTY PUBLIC HOSPITAL DISTRICT #3, dba WHITMAN HOSPITAL & MEDICAL CENTER,<br><br>       Defendant. | No. 2:25-CV-00246-SAB<br><br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL** |

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval, ECF No. 23. Plaintiff is represented by Joan M. Pradhan, Kaleigh N. Boyd, and Kenneth J. Grunfeld. Defendant is represented by Casie D. Collignon and Logan F. Peppin. The Motion was considered without oral argument.

Plaintiff indicates that she, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement.

The Court finds it has jurisdiction over the action and each of the parties for purposes of settlement and asserts jurisdiction over the Class Members for purposes of effectuating this settlement and releasing their claims.

//

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL \* 1**

Accordingly, **IT IS HEREBY ORDERED**:

1.      **Preliminary Approval of Settlement Agreement:** The terms of the Settlement Agreement filed in this Action are preliminarily approved as fair, reasonable and adequate, are sufficient to warrant sending notice to the Class, and are subject to further consideration at the Final Approval Hearing. In making this determination, the Court has considered the current posture of this Action and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

2.      **Settlement Class Certification:** Pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), and for the purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

All living individuals residing in the United States whose Private Information was impacted in the Data Incident.

Excluded from the Settlement Class are all persons who are: (a) directors, officers, and employees of Defendant, and any entity in which Defendant has a controlling interest; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (d) any Settlement Class Member who timely and validly opted out of the Settlement; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

3.      **Settlement Fund:** The Settlement provides for a non-reversionary common fund to be funded by Defendant in the amount of $500,000.00, which shall be deposited into the Escrow Account in the manner described in the Agreement. The Settlement Fund will be used to pay all: (a) Valid Claims for Cash Payments and Credit Monitoring; (b) Settlement Administration Costs; (c) any Court-approved attorneys' fees and costs to Class Counsel, and any Court-

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 2**

approved Service Award to the Class Representative; and (d) CAFA Notice. The Settlement Fund will be created and funded subject to the terms of the Settlement.

4.    **Settlement Class Findings:** The Court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) have been satisfied, and that the Court will likely certify at the Final Approval Stage a Settlement Class.

5.    As to Rule 23(a), the Court finds that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; and (d) the proposed Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6.    As to Rule 23(b)(3), the Court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class Members to individually control the prosecution of separate actions; (ii) the Parties are not aware of any litigation concerning the controversy already begun by Settlement Class Members other than the proposed Class Representative; (iii) the small value of the claims of many of the individual Settlement Class Members making the pursuit of individual actions cost prohibitive for most Settlement Class Members; and (iv) the similarity of the Settlement Class Members' Claims involving substantially identical proofs. See Fed. R. Civ. P. 23(b)(3).

//

//

//

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 3**

7. **<u>Appointment of Class Representative and Class Counsel:</u>** The Court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, Plaintiff is an adequate class representative and appoints her as the Class Representative on behalf of the Settlement Class.

8. In appointing Class Counsel, Federal Rule of Civil Procedure 23(g) requires the Court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The Court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incident. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement: Kenneth Grunfeld of Kopelowitz Ostrow P.A. and Kaleigh N. Boyd of Tousley Brain Stephens PLLC.

9. **<u>Settlement Administrator:</u>** The Court hereby approves Eisner Advisory Group, LLC as the Settlement Administrator to supervise and administer the Notice Program, as well as to administer the Agreement should the Court grant Final Approval.

10. **<u>Approval of Notice Program and Notices:</u>** The Court approves, as to form, content, and procedure, the Notice Program described in the Agreement, including the Postcard Notice and Long Form Notice, substantially in the forms attached as Exhibits to the Agreement. The Court finds that the Notice Program: (a) is the best Notice practicable under the circumstances; (b) constitutes Notice that is reasonably calculated, under the circumstances, to apprise Settlement Class

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 4**

Members of the pendency of the Action, the terms of the Agreement, the effect of the proposed Agreement (including the Releases contained therein), and their right to opt-out of or to object to the proposed Agreement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient Notice to all persons entitled to receive Notice of the proposed Agreement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this Court, and all other applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website and included in the Postcard Notice and Long Form Notice, respectively.

11.    **Claim Form and Claims Process:** The Court approves the Claim Form as set forth in the Agreement, and the Claims Process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative benefits. Should the Court grant Final Approval of the Agreement, Settlement Class Members who do not opt out of the Agreement shall be bound by its terms even if they do not submit Claims.

12.    **Dissemination of Notice and Claim Forms:** The Court directs the Settlement Administrator to disseminate the Notices and Claim Form as approved herein. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Agreement that are not materially inconsistent with this order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

13.    **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 5**

Settlement Administrator and be postmarked no later than the Opt-Out Deadline, which is 30 days before the initial scheduled Final Approval Hearing. The opt-out request must strictly comply with the requirements outlined in the Settlement Agreement and the Long Form Notice.

14.    Any Settlement Class Member who timely and validly opts-out from the Settlement Class shall, provided the Court grants Final Approval: (a) be excluded from the Settlement Class by Order of the Court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to the Settlement Benefits. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of the Agreement.

15.    **Objections to the Settlement:** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Agreement and/or the Application for Attorneys' Fees, Costs, and Service Award. Objections must be filed with the Court and mailed to the Settlement Administrator, Class Counsel and Defendant's Counsel. Objections must strictly comply with the requirements set forth in the Settlement Agreement and the Long Form Notice. For an objection to be considered by the Court, the objection must be submitted on behalf of a Settlement Class Member no later than the Objection Deadline which is 30 days before the initial scheduled Final Approval Hearing. When submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

16.    Class Counsel and/or Defendant's counsel may conduct limited discovery on any objector or the objector's counsel, including the taking of depositions and propounding document requests.

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 6**

17.    Any Settlement Class Member who does not make an objection in the manner strictly provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Award and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

18.    All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The Settlement Class Members who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class, shall not have rights under the Agreement, and shall not be bound by the Agreement or any Final Approval Order as to Defendant in this Action.

19.    **Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Award:** Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and a Service Award for the Class Representative of $3,000.00 to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Award.

20.    Class Counsel shall file their Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Award no later than 45 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument in connection with Class Counsel's request for attorneys' fees and costs and a Service Award for the Class Representative. In

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 7**

the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Agreement or to the Application for Attorneys' Fees, Costs, and Service Award, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Agreement and in this order.

21.    **Termination:** Settlement Class Counsel (on behalf of the Settlement Class Members) and Defendant shall have the right to terminate this Agreement if: (1) the Court refuses to grant preliminary approval of the Settlement in any material respect; (2) the Court's refusal to enter the Final Approval Order and Judgment in any material respect; (3) the Final Approval Order and Judgment is modified or reversed in any material respect by any appellate or other court; or (4) the Effective Date does not occur. Additionally, Defendant may, in its sole discretion, void the Settlement Agreement if the number of opt-outs exceeds 50 Settlement Class Members. If the Agreement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiff, the Settlement Class Members, and Defendant, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

22.    **Stay:** All pretrial proceedings in this Action are **stayed** and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

23.    **Continuing Litigation:** Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representative's implementation of the Agreement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation, including in arbitration, against Defendant and the Released Parties arising out of, relating to, or

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 8**

in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Agreement.

24.    **Jurisdiction:** For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over these proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this Court.

25.    **Final Approval Hearing:** The Final Approval Hearing will be held on **July 9, 2026**, at **10:00 a.m.** in **Spokane**, Washington. The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether an order of final judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether Class Counsel's Application for Attorneys' Fees, Costs, and Service Award should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted on the Settlement Website.

26.    **Schedule:** The Court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Program Begins** | Within 30 days after entry of Preliminary Approval Order |
| **Notice Program Complete** | 45 days before initial scheduled Final Approval Hearing date |
| **Deadline to file Motion for Final Approval and Application for Attorneys' Fees, Costs, and Service Awards** | 45 days before initial scheduled Final Approval Hearing date |

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 9**

| Opt-Out Deadline | 30 days before initial scheduled Final Approval Hearing date |
|---|---|
| Objection Deadline | 30 days before initial scheduled Final Approval Hearing date |
| Deadline to Submit Claim Forms | 15 days before initial scheduled Final Approval Hearing date |
| Final Approval Hearing | July 9, 2026, at 10:00 a.m. in Spokane, Washington. |

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and set case management deadlines accordingly.

**DATED** this 20th day of February 2026.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL * 10**